**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NEWPARK MATS AND** | § | |
| **INTEGRATED SERVICES, LLC** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Action No.   4:13-cv-01440** |
| | § | |
| | § | |
| **TERRA CONTRACTING, LLC** | § | |
| **Defendant.** | § | |

**DEFENDANT TERRA CONTRACTING, LLC'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIM**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Terra Contracting, LLC, hereinafter "Defendant" or "Terra Contracting," files this First Amended Answer and Counterclaim, and respectfully shows the Court as follows:

**Amended Answer**

1.     Defendant admits that Plaintiff has brought suit seeking to recovery between $500,000 and $1,000,000.   Defendant denies that the Texas Rules of Civil Procedure have any bearing on this action, therefore the remaining allegations in paragraph 1 of Plaintiff's Original Petition are denied

2.     Defendant admits that Plaintiff is a limited liability company existing under the laws of the State of Texas.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 2 of Plaintiff's Original Petition, and, on that basis, denies same.

3.     Defendant admits that it is a limited liability company existing under the laws of the State of Michigan.   Defendant admits that its registered agent for service of process is Business Filings International, Inc., 701 Brazos Street, Suite 720, Austin, Texas 78701.   Defendant denies the remainder of the allegations in paragraph 3 of Plaintiff's Original Petition.

4.     Defendant admits that this Court has jurisdiction over this matter.   Defendant denies that, following removal, the District Courts of Harris County, Texas have jurisdiction over this matter.   Defendant admits that it executed a Credit Application.   Defendant denies the remainder of allegations in paragraph 4 of Plaintiff's Original Petition.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5 of Plaintiff's Original Petition, and, on that basis, denies the same.   On information and belief, Defendant admits the allegations in the second sentence of paragraph 5 of Plaintiff's Original Petition.

6.     Defendant admits the allegations in paragraph 6 of Plaintiff's Original Petition.

7.     Defendant admits that in April 2012, the Mats and Pins were released from rental and Plaintiff was asked to arrange for removal of same.   Defendant denies the remainder of the allegations in paragraph 7 of Plaintiff's Original Petition.

8.     Other than incorrect punctuation, Defendant admits that the language quoted is from the document that Plaintiff identifies as the Contract.   Defendant denies the remainder of the allegations in paragraph 8 of Plaintiff's Original Petition.

9.      Defendant admits that Plaintiff issued invoices to Defendant for alleged damages and for sales taxes following removal of the Mats.   Defendant denies the remainder of the allegations in paragraph 9 of Plaintiff's Original Petition.

10.     Defendant admits that it has not paid the invoices attached to Plaintiff's Original Petition.   Defendant denies the remaining allegations in paragraph 10 of Plaintiff's Original Petition.

11.     Defendant denies that it executed a document entitled Credit Application. Defendant otherwise admits the allegations in paragraph 11 of Plaintiff's Original Petition.

12.     Defendant admits that it has not paid the amounts that Plaintiff has demanded. Defendant denies the remaining allegations in paragraph 12 of Plaintiff's Original Petition.

13.     Defendant denies the allegations in paragraph 13 of Plaintiff's Original Petition.

14.     Defendant denies the allegations in paragraph 14 of Plaintiff's Original Petition.

15.     Defendant denies the allegations in paragraph 15 of Plaintiff's Original Petition.

16.     Defendant denies the allegations in paragraph 16 of Plaintiff's Original Petition.

17.     Defendant denies the allegations in the first sentence of paragraph 17 of Plaintiff's Original Petition.   Defendant admits that Newpark, through its attorney, made demand upon Defendant for payment of invoices.   Defendant admits that it has not paid the invoices within 30 days of the date of the demand.   Defendant otherwise denies the allegations in paragraph 17 of Plaintiff's Original Petition, including the implication that Defendant owes to Plaintiffs the amount reflected in the invoices.

18.     Defendant denies the allegations in paragraph 18 of Plaintiff's Original Petition.

19.     Defendant denies the allegations in paragraph 19 of Plaintiff's Original Petition.

20.     Defendant denies that Plaintiff's discovery requests promulgated under the Texas Rules of Civil Procedure (Paragraphs 20-38 of Plaintiff's Original Petition) are answerable in this proceeding.

21.     Defendant denies Plaintiff's prayer for relief in Plaintiff's Original Petition

## II.

## AFFIRMATIVE DEFENSES

22.      To the extent that Plaintiff's claim for damages was caused by ordinary wear and tear, Plaintiff's claim is barred.

23.     To the extent that Plaintiff failed to provide Defendant with timely notice of alleged damage to the Mats and Pins, Plaintiff's claims are barred.

24.     To the extent that Plaintiff's claims and/or damages, if any, were caused in whole or in part by Plaintiff's own negligence, actions, omissions, or failures they should be denied, reduced, and/or mitigated accordingly.

25.     Defendant affirmatively pleads that Plaintiff failure to ensure that Mats were properly installed, including but not limited to Plaintiff's failure to provide adequate Pins to install the Mats was a proximate cause of loss and damage to the Mats, if any, other than ordinary wear and tear, which Defendant denies.

26.     Defendant affirmatively pleads that Plaintiff failed to supply an adequate number of Pins to allow for the proper installation of the Mats or to provide an adequate number of Pins or other device to plug up holes in the Mats, and these failures were, individually and jointly, the proximate cause(s) of any damage, over and above ordinary wear and tear.

27.     Defendant affirmatively pleads that Plaintiff supervised the installation of the Mats and Pins, which Plaintiff expressly warranted for the purpose for which they were installed.

28.     Defendant affirmatively pleads that Defendant paid Plaintiff an additional fee, over and above the agreed rental fee, to supervise the installation of the Mats in order to ensure that

Mats and Pins were properly installed, and it was Plaintiff's failure to provide adequate supervision and proper installation of the Mats and Pins that caused loss or damage to the Mats and Pins, if any.

29.     Defendant affirmatively pleads that it is not liable for the condition of the Mats or Pins prior to installation.

30.     To the extent that Plaintiff cannot prove the condition of the Mats and Pins and/or number of Mats and/or Pins delivered to Defendant, Plaintiff's claim is barred.

31.     To the extent that Plaintiff's claims and/or damages, if any, were proximately caused in whole or in part by individuals or entities other than Defendant, over whom Defendant had no control, and for which Defendant is not responsible, said claims and damages are barred.

32.     Defendant affirmatively pleads that Plaintiff is not entitled to the reasonable market value of the Mats and Pins it claims are missing or damaged.

33.     Defendant affirmatively pleads that if any damage or loss, over and beyond ordinary wear and tear, occurred while in Defendant's possession and was not the result of Plaintiff's supervision, acts, or omissions, which Defendant denies, Plaintiff's damages are limited to "cost of repairs to restore the damaged mat/s to its/their original condition or to recondition mats damaged beyond repair" as well as repair of damaged locking Pins or replacement of lost locking Pins.

34.     Defendant further states that Plaintiff's claims and/or damages, if any, should be barred and/or reduced as a result of Plaintiff's failure to mitigate its damages.

35.     To the extent that the acts or omissions of other individuals and/or entities may have constituted intervening or superseding causes of the damage and/or loss, if any, alleged to

have been sustained by Plaintiff, Defendant is not liable.

36.     Plaintiff's claims and/or damages, if any, should be barred and/or reduced as a result of estoppel, setoff, release and waiver.

37.     Defendant affirmatively pleads that any damages to the Mats and Pins was the result of ordinary wear and tear given Plaintiff's failure to properly supervise installation and pick up of the Mats and Plaintiff's failure to ensure that the Mats were properly installed.   Therefore, Plaintiff is barred from recovering such damages.


# III.

## COUNTERCLAIM

38.     Defendant Terra Contracting LLC is a limited liability company existing under the laws of the State of Michigan.   Defendant's members are citizens of the State of Michigan.   None of Defendant's members are citizens of the State of Texas.

39.     Plaintiff Newpark Mats and Integrated Services, LLC is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business in the State of Texas.   All members of Plaintiff have addresses within the State of Texas on file with the Texas Secretary of State and are believed to be citizens of Texas.   None of Plaintiff's members are citizens of the State of Michigan.

40.     This Court has jurisdiction over the counterclaim state herein under 28 U.S.C. § 1332.

41.     Plaintiff has appeared through counsel in this matter and the counterclaim stated herein may be served on Plaintiff through its designated counsel.


**DEFENDANT TERRA CONTRACTING, LLC'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIM**                                          **Page 6**

42.    Defendant and Plaintiff entered into a contract regarding the rental of Mats and locking Pins for use at the Calumet River Project in the state of Indiana.   The Contract is attached hereto as Exhibit 1.

43.    Under the terms of the Contract, Plaintiff required that Defendant pay for supervision services to be provided by Plaintiff.   The stated purpose of the required supervisory services was "to minimize the damage to any mats during installation and pickup, and . . . to ensure the mats are properly installed."   See Exhibit 1.

44.    Defendant paid to Plaintiff the required fees for Plaintiff's supervision.

45.    In material breach of its contractual undertaking, Plaintiff failed to properly supervise and failed to ensure that the Mats were properly installed or to minimize damage to the Mats during installation and pickup.   As a result of Plaintiff's failure, Plaintiff has invoiced Defendant in excess of $700,000 for alleged damage to the Mats and Pins, asserting that damage to the Mats and Pins was not the result of ordinary wear and tear.   To the extent the Mats and Pins were damaged beyond ordinary wear and tear, the damage was caused by Plaintiff's negligent failure to properly supervise installation and pickup and the failure to insure the Mats were property installed.

46.    As a result of Plaintiff's contractual breach in its failure to properly supervise and failure to ensure that the Mats were properly installed or to minimize damage to the Mats during installation and pickup, Defendant has been damaged to the extent Mats and Pins were lost or damaged beyond ordinary wear and tear.

47.    Additionally, Defendant is entitled to recover reasonable attorneys' fees due to Plaintiff's breach of contract pursuant to Texas Civil Practice and Remedies Code Chapter 38.   As

**DEFENDANT TERRA CONTRACTING, LLC'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIM**                                                **Page 7**

a result of Plaintiff's breach of contract, Defendant has been required to retain the services of Henry Oddo Austin & Fletcher, P.C., as counsel and has agreed to pay said firm a reasonable fee for services of counsel.   Defendant's claim will have been presented to Plaintiff in excess of thirty days prior to trial.   Accordingly, Defendant seeks recovery of reasonable attorney's fees from Plaintiff.

48.   Defendant demands trial of this matter by jury.

WHEREFORE, for the reasons stated herein, Defendant Terra Contracting, LLC requests that the Court enter a judgment that Plaintiff takes nothing by its action and that costs be assessed against Plaintiff.   Defendant further requests that the Court award Defendant damages to the extent any damages occurred to the Mats and Pins beyond ordinary wear and tear and are attributable to Plaintiff's failures, prejudgment and postjudgment interest as provided by law, reasonable attorney's fees, and costs of suit, together with such other and further relief to which it may demonstrate itself justly entitled.

Respectfully submitted,

**HENRY ODDO AUSTIN & FLETCHER,**
   **a Professional Corporation**


 /s/ *Vic H. Henry*
Vic H. Henry
TBA No. 09484250
vhhenry@hoaf.com
Lane Fletcher
TBA No. 07139300
lanefletcher@hoaf.com
Jeanette Drescher Green
TBA No. 06116000
jgreen@hoaf.com

1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone:   (214) 658-1900
Facsimile:    (214) 658-1919

**ATTORNEYS FOR DEFENDANT**
**TERRA CONTRACTING, LLC**


### CERTIFICATE OF SERVICE

   I hereby certify that on October 21, 2013, a true and correct copy of the foregoing document was served on counsel for Plaintiff via Federal Express and facsimile on as follows:

Carl Doré, Jr.
Lori V. Graham
DORÉ LAW GROUP, P.C.
17171 Park Row, Suite 160
Houston, Texas   77084


 /s/Jeanette Drescher Green
Jeanette Drescher Green


**DEFENDANT TERRA CONTRACTING, LLC'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIM**                          **Page 9**


**NEWPARK**
MATS & INTEGRATED SERVICES   2700 Research Forest Drive, Suite 100 • The Woodlands, TX 77381 • Ph 281 362 6800 • Fx 281 362 6803 • Website www.NewparkMats.com

Oct. 11, 2011

Terra Contracting, LLC
5787 Stadium Drive
Kalamazoo, Michigan 49009

Attention:   Jtannar Wiens - Site Superintendent
(269-744-2565, jwiens@terracontracting.net)

Subject:   **Proposal # PA-2011-363**
**Rental of DURA-BASE® Composite Mat System**
**Calumet River Project, Hammond, IN**

Jtannar Wiens:

Newpark Mats & Integrated Services LLC (NMIS) is pleased to offer the following proposal covering the rental of DURA-BASE® Composite Mat Systems.

**The rental of DURA-BASE Composite Mats and accessory equipment for a temporary work surface. Please note, the overall dimensions of a large DURA-BASE mat are 8' x 14' x 4-1/4" in height with a useable surface area of 7' x 13' or 91 square feet per unit. The mats are inter-locked into a system offering flexibility in configuration as might be required for a specific application. *Please see rental term guidelines below.***

**30 Day Rental per Location**

| Product | Quantity | Daily Rental per Unit | Total – 30 day Minimum Rental |
|---|---|---|---|
| 1. 8' x 14' DURA-BASE® Composite Mat | 600 ea. | $5.00 | $90,000 |
| 1.(a) Locking Pins,  4 ea. per mat | 2400 ea. | Incl. | Incl. |
| **With Rental At Installation** | | | |
| 2. Delivery Freight (estimated) | 15 mat loads | $2,250 | $33,750 |
| 3. Installation Supervision (required) | | | $2,780 |
| **TOTAL (minimum at installation)** | | | $126,530 |
| Plus any applicable STATE and/or Local taxes | | | |
| | | | |
| **With Rental – Mats Pickup, Return** | | | |
| 4. Pick-up Supervision (required) | | | $2,780 |
| 5. Return Freight (estimated) | 15 mat loads | $2,250 | $33,750 |

All freight costs shall be for the account of customer.  Newpark supervision is required in order to minimize the damage to any mats during installation and pickup, and in order or to ensure the mats are installed properly. Released mats must be cleaned before returned.

EXHIBIT 1

**Terms and Conditions**:

- Please note that the above bid is valid for 30 days from bid date and applicable taxes will be charged upon job completion. Upon evaluation by both parties it may be modified and extended upon agreement by both parties.
- Rental price above is based upon electronic signature protocols. If location visits are required additional costs will be billed to Terra Contracting, LLC (Terra Contracting).
- Rentals are "Portal to Portal" with the rental of mats beginning the date product is shipped from NMIS and continuing through the date mats are returned to NMIS. If mats are required for a term beyond the minimum rental, a daily rental rate equal to the day rate of $5 per mat per day will apply for each day beyond the minimum rental term until the mats are returned.
- Terra Contracting agrees to be responsible for and assumes all liability for any and all damage, loss and/or destruction to any DURA-BASE® mat and/or surface mat and related accessories provided by Newpark Mats & Integrated Services LLC ("NMIS") to Terra Contracting (the "Mats") while such Mats are in Terra Contracting or its subcontractors' or agents' possession, custody, or control except damage caused by ordinary wear and tear. Terra Contracting agrees that prior to the use of the Mats to furnish to NMIS a certificate of insurance evidencing coverage for Terra Contracting for "all risk" physical damage and such insurance shall be endorsed, without limitation, condition or exclusion to include NMIS as a loss payee.
- Should any mats be damaged while in the possession of Terra Contracting, cost of repairs to restore the damaged mat/s to its/their original condition or to recondition mats damaged beyond repair will be for the account of Terra Contracting. Terra Contracting will be advised of the existence of such damages within two weeks after return of the product and will be given ample time for the appropriate representative to review the damages prior to repairs being made. Damaged or lost locking pins will also be assessed for damage or replacement and will be for the account of Terra Contracting.
- By accepting this bid, Terra Contracting agrees that any Mats provided hereunder are intended for use only in the manner installed by NMIS and in accordance with the approved applications as provided for in NMIS' installation and handling manual a copy of which shall be provided to Terra Contracting if this bid is accepted, and that any other use by the owner or third parties is not authorized by NMIS.
- Terra Contracting agrees to provide NMIS with a copy of any accident report completed by, or submitted to any principal or contractor regarding the referenced location within five (5) days of completion of such report.

Thank you for allowing us the opportunity to submit this proposal. Should you require additional information or service please contact Michael Deitz via e-mail at mdeitz@newpark.com or via telephone at (570) 323-4970. We look forward to working with Terra Contracting on this and many other future projects.

Sincerely,


Michael Deitz
Asst. Operations Manager

IN WITNESS THEREOF, the parties hereto have caused this Contract to be duly executed.

**Terra Contracting, LLC**

By: _Dunfean M. Jarin_

Name: _De - Mel_

Title: _Project Supt_

Date: _10-18-11_

**Newpark Mats & Integrated Services LLC**

By: _Michael Deitz_

Name: _____Michael Deitz_____

Title: _____Asst. Operations Manager_____

Date: _10/24/10_


NMIS Proposal – Terra Contracting – Hammond, IN - PA-2011-363

10-10-2011