UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEWPARK MATS AND INTEGRATED SERVICES LLC, | § § | |
| Plaintiff, | § | |
| vs. | § § | CIVIL ACTION NO. 4:13-cv-01440 |
| TERRA CONTRACTING, LLC | § § | |
| Defendant. | § | |

## PARTIES' AGREED PROTECTIVE ORDER

Upon motion of the parties, the parties hereby enter into this Agreed Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. IT IS HEREBY ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by any of the producing or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains information that the party considers to be confidential, which may include, but is not limited to, proprietary information, a trade secret, confidential research, development, financial, business or commercial information, or confidential or private personal information regarding employees or former employees.

1

Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified as Confidential.

3. Documents containing Confidential Information may be designated by either party and shall be conspicuously marked "CONFIDENTIAL" ("Confidential Documents") by either party, and all copies of said Confidential Documents will be deemed confidential and will be produced. However, the Confidential Documents that will be produced by the parties may be used only for and in this lawsuit.

4. The Confidential Documents produced in this action shall not be disclosed or distributed to anyone in any manner except to (a) a party to this action or its insurers; (b) counsel involved in this action and their paralegal, computer, clerical, secretarial, and other employees and contract workers engaged in the preparation for the trial of this action, including copier-service employees and court reporters; (c) consultants or experts, including mediators, retained by a party to this action or its counsel to whom disclosure is necessary for the preparation of this action for trial or an appeal; (d) a witness whose testimony is being taken or to be taken either by deposition or during trial whose testimony relates directly to the confidential information and to whom disclosure would be necessary for the purpose of such testimony; (e) qualified persons recording testimony concerning or involving the Confidential documents, including stenographic and clerical personnel or (f) be offered and used as evidence in a trial or hearing in this action.

5. Any individual who is provided a copy of the Confidential Documents, or any information contained in them, may discuss the contents of the Confidential Documents only with the producing parties or the attorneys of record. Any individual provided a copy of these Confidential Documents shall be advised that he/she is bound by and required to comply with the terms of this Order.

6. If a party wishes to disclose these Confidential Documents to any individuals other than those described in Paragraph 4, the party wishing to disclose must first inform the attorney for the producing party in writing. Any such consent must be in writing. If the producing party does not consent to the disclosure, then the party wishing to disclose the Confidential Document may move for modification of the Order. Except as otherwise provided, any individuals other than those described in Paragraph 4 must be provided and execute the attached Exhibit "A." The Parties may use Confidential Documents during any deposition, provided the witness is apprised of the terms of this order and executes the acknowledgement attached hereto as Exhibit "A."

7. Any objection to the designation of an item of information as Confidential shall be made in writing by the objecting party to counsel for the producing party or the producing third party within 30 days of receipt of the document. If the objection cannot be resolved by agreement within 21 days after objecting party notifies the producing party of its objection, the objecting party may move the Court to determine the propriety of the designation. The objecting party shall set forth in its motion the basis for its objection, including an explanation of its assertion that the information produced does not fall within the definition of Confidential Information contained in Paragraph 2 of this Order. The information that is the subject of the motion shall be treated as CONFIDENTIAL pending resolution of the motion.

8. The parties shall undertake in good faith to negotiate mutually acceptable procedures to present to the Court to protect against the disclosure of confidential information in connection with any hearing regarding this action or the trial of this action. By agreeing to do so, nothing herein will preclude either party from offering into evidence at trial any records provided under this Order or information contained in them. In the event that any of the parties to this

Order file any Confidential Documents with the Court by way of pleadings, motions, briefs, or any other papers containing or attaching such information, the documents shall be filed under seal in accordance with and as allowed by the Court's Case Management/Electronic Case Filing System or in a sealed envelope which will state: (a) the style and cause number of this case; and (b) the following words:

<u>**CONFIDENTIAL**</u>

**THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO AN AGREEMENT ENTERED INTO BY THE PARTIES TO THIS ACTION GOVERNING THE USE OF CONFIDENTIAL MATERIALS**

9. The provisions of Paragraphs 4, 5 and 6 do not apply to exhibits offered at the time of trial, provided however, that the other party shall be entitled to seek such protective orders concerning the confidential information to be introduced at trial as it deems reasonable and/or necessary to protect confidential information from public disclosure. Nothing in this Order will be construed to prevent presentation of Confidential Information or Confidential Documents to the Court, Court personnel or an jury in this matter.

10. This Order shall remain in full force and effect and survive the termination of this litigation unless modified by an order of this Court or by the written stipulation of the parties.

11. Upon conclusion of all litigation in this case, by trial, settlement or otherwise, all persons or entities subject to this Order shall either (a) destroy, or (b) return to counsel for the party who produced the Confidential Documents, the Confidential Documents and any and all copies of same, with the exception that one copy of the Confidential Material may be retained in the litigation file of any party.

12. Nothing in this Order shall in any way restrict the right of a party to use or disclose information obtained from any source other than from a producing party or producing

third party during the litigation of this action, whether or not such independently obtained information is identical to information designated as Confidential by the producing party or producing third party.

13. The procedures established by this Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document or information deemed to be Confidential.

14. This Order is without prejudice to the rights of the parties to this litigation to request for good cause that the Court at any time, on reasonable notice to the parties, modify the provisions of this Order. This Order shall be without prejudice to the right of the parties to present a motion to the Court under FED. R. CIV. P. 26(c), for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

15. It is understood and agreed that the execution of this Order shall in no way constitute a waiver of the right of any party to the action to raise or assert any objections to any discovery request made, including but not limited to defenses or objections as to privilege, relevancy, admissibility or authenticity of any documents, materials or information.

16. Both parties understand that failure to abide by the provisions of this Order is punishable by contempt of court, sanctions or both. However, both parties agree that they will attempt, in good faith, to work out any differences that they may have before bringing the issue to the court.

SIGNED this the 19th day of December, 2013.

GRAY H. MILLER
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND ENTRY REQUESTED:

Dated: December 18, 2013

Respectfully submitted,

DORÉ LAW GROUP, P.C.

By: /s/ R. Alex Weatherford
    Carl Doré, Jr.
    State Bar No. 06000600
    R. Alex Weatherford
    Attorney-in-Charge
    State Bar No. 24079553
    Southern District No. 1742181
    17171 Park Row, Suite 160
    Houston, Texas 77084
    Email: aweatherford@dorelawgroup.net
    Telephone: (281) 829-1555
    Facsimile: (281) 200-0751 Fax
ATTORNEY FOR PLAINTIFF,
NEWPARK MATS AND INTEGRATED
SERVICES, LLC

HENRY ODDO AUSTIN & FLETCHER,
a Professional Corporation

Dated: December 18, 2013

/s/ Lane Flectcher
    Vic H. Henry
    TBA No. 09484250
    vhhenry@hoaf.com
    Lane Fletcher
    TBA No. 07139300
    lanefletcher@hoaf.com
    Jeanette Drescher Green
    TBA No. 06116000
    jgreen@hoaf.com
    1700 Pacific Avenue, Suite 2700
    Dallas, Texas 75201
    Telephone: (214) 658-1900
    Facsimile: (214) 658-1919
ATTORNEYS FOR DEFENDANT
TERRA CONTRACTING, LLC