UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEWPARK MATS AND INTEGRATED SERVICES, LLC., | § § § § § | |
| *Plaintiff*, | | |
| v. | § § § | CIVIL ACTION H-13-1440 |
| TERRA CONTRACTING, LLC, | § § § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is a motion to dismiss defendant Terra Contracting, LLC's ("Terra") counterclaim for mistakenly designating a defense as a counterclaim or, in the alternative, for failure to state a claim upon which relief can be granted, filed by plaintiff Newpark Mats and Integrated Services, LLC ("Newpark"). After considering the counterclaim, motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND AND ANALYSIS**

This is a breach of contract case relating to a contract for the rental of mats and locking pins. Dkt. 1, Ex. 2. Newpark filed its complaint against Terra in state court on April 9, 2013, asserting claims for breach of contract and, in the alternative, quantum meruit. *Id.* Newpark claims that it provided mats and locking pins to Terra and that Terra later requested that the mats and pins be released from further rental and instructed Newpark to arrange for the removal of the equipment. *Id.* Newpark asserts that when it arrived to remove the mats and pins, the vast majority were either missing or in various states of disrepair. *Id.* Newpark alleges that Terra had contractually assumed all liability for damage or loss of the equipment, and it issued Terra an invoice for the damaged equipment that Terra failed to pay. *Id.* Newpark thus filed suit.

Terra filed an answer on May 13, 2013, in which it denied Newpark's allegations and asserted several affirmative defenses, including a defense that it was Newpark's failure to provide adequate supervision and proper installation of the mats and pins that caused damage to the mats. *Id.* Terra then removed the case to this court. Dkt. 1. On October 21, 2013, Terra filed its first amended answer and counterclaim. Dkt. 12. In the amended answer and counterclaim, Terra again asserts several affirmative defenses, including the defense that Newpark failed to properly supervise the installation and pick up of the mats and ensure that they were properly installed. *Id.* Terra's newly added counterclaim asserts that Newpark was contractually required to supervise the installation of the mats and pins so as to minimize damage and failed to do so. *Id.* Terra alleges that this failure to supervise was a material breach of the contract that has caused Newpark to invoice Terra in excess of $700,000 for the alleged damage to the mats and pins. *Id.* Terra also requests attorneys' fees in the counterclaim. *Id.*

Newpark now moves for dismissal of Terra's counterclaim, arguing that it is merely a restatement of Terra's affirmative defense for lack of training and supervision. Dkt. 14. Newpark requests that the court either strike the counterclaim as redundant or, alternatively, treat it as an affirmative defense. *Id.* Newpark notes that if it were to file an answer to the counterclaim, it would essentially be a restatement of its complaint. *Id.* It argues that Terra does not ask for any relief distinct from the relief that would follow from a successful defense of Newpark's claims. *Id.*

Terra asserts that Newpark contractually agreed to supervise the installation of the mats and pins and that its breach of those duties constitutes a breach of contract entitling Terra to an award of attorneys' fees. Dkt. 16. Terra points out that it has requested attorneys' fees as part of its counterclaim, and that its request for attorneys' fees is not a part of its affirmative defenses. *Id.*

2

Under section 38.001(8) of the Texas Civil Practices and Remedies Code, a party "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim or costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8). "To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995). The required "damages," however, are not necessarily "limited to a monetary award based on a pecuniary loss." *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 797 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (allowing attorneys' fees when the prevailing party obtained an injunction that was of considerable value to the party even though it was equitable rather than monetary). However, there must be a recovery of "at least something of value." *Rodgers v. RAB Invs., Ltd.*, 816 S.W.2d 543, 551 (Tex. App.—Dallas 1991, no pet.).

In *Bacchus Industries v. Frontier Mechanical Contractors*, Bacchus Industries ("Bacchus") initiated a breach of contract lawsuit against Frontier Mechanical Contractors ("Frontier") for recovery of money Frontier withheld from payments due to Bacchus. *Bacchus Indus., Inc. v. Frontier Mech. Contractors*, 36 S.W.3d 579, 580 (Tex. App.—El Paso 2000, no pet.). Bacchus delivered air conditioner units which it claims were valued at $271,650 to Frontier, pursuant to a contract. *Id.* at 581. Frontier withheld $35,148.47 from its payments to Bacchus because Frontier claimed the units were damaged. *Id.* Thus, after it was sued by Bacchus for the $35,148.47, Frontier filed a counterclaim for damages associated with the delivery of damaged goods. *Id.*

The trial court determined that Frontier did not breach the contract by withholding the $35,148.27 from payment and that Bacchus did breach the contract by delivering nonconforming goods. *Id.* The court assessed Frontier's damages at $21,088.96. *Id.* It then subtracted $35,148.27

from the award because Bacchus was entitled to an offset of the amount Frontier withheld, and it ordered Bacchus to pay Frontier's attorneys' fees. *Id.* Bacchus argued in a motion to correct or reform the judgment that the amount withheld was not an offset, but an award to Bacchus of wrongfully withheld funds, and Bacchus should have been considered the prevailing party. *Id.* The motion was overruled, and Bacchus appealed. *Id.*

On appeal, Bacchus argued that it, not Frontier, was entitled to recover attorneys' fees. *Id.* Frontier argued that it did not breach the contract by withholding payment for nonconforming goods, and even if its damages were entirely offset by the amount it withheld from the price, it would be entitled to recover attorneys' fees under chapter 38 of the Texas Civil Practices and Remedies Code. *Id.* The El Paso Court of Appeals held that since "Frontier prevailed on its counterclaim or offset in the amount of $21,088.96, . . . the trial court did not err in awarding Frontier reasonable attorneys' fees." *Id.* at 586.

Here, like in *Bacchus*, the defendant failed to pay the plaintiff the entire amount due under a contract because the defendant claims the goods or services did not conform to the contractual requirements. Terra, like Frontier, has filed a counterclaim for breach of contract and attorneys' fees. The court finds that Terra is entitled to pursue its counterclaim *as a counterclaim*, as it there is a possibility that Terra could be the prevailing party and be entitled to attorneys' fees. *Cf. Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *7 (S.D. Tex. May 28, 2010) (Rosenthal, J.) (noting that a defendant seeking a declaratory judgment that was similar to an asserted affirmative defense may "be able to obtain different relief on its counterclaims than on its affirmative defenses if the counterclaims fall within the attorney's fees statute."). Newpark's motion to dismiss the counterclaim is therefore DENIED.

## II. Conclusion

Newpark's motion to dismiss Terra's counterclaim or treat is as an affirmative defense is DENIED.

Signed at Houston, Texas on January 10, 2014.

_____
Gray H. Miller
United States District Judge